Irene S. KIVITZ, Movant–Appellant,

v.

PHOENIX GENERAL & HEALTH SERVICES, INC., Plaintiff–Appellee,

and

Advanced Medical Diagnostic Corp., Fonar Corporation, Raymond V. Damadian, and Lucianno Bonanni, Defendants,

and

Bernice Pollock and Rose Ann Abrams, Appellees.

No. 01–9324.

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Michael R. Hambly, Santa Monica, California, for Movant–Appellant, Irene S. Kivitz.

Martin E. Karlinsky, Katten Muchin Zavis Rosenman, New York, New York, for Plaintiff–Appellee, Phoenix General & Health Services, Inc.

Edward Cohn, Irwin, Lewin, Cohn & Lewin, P.C., New York, New York, for Appellees, Bernice Pollock and Rose Ann Abrams.

Present CARDAMONE, MINER and KATZMANN, Circuit Judges.

Summary Order

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Eastern District of New York (Spatt, Arthur D.J.), it is hereby **ORDERED, ADJUDGED AND DE-CREED** that the judgment of the District Court is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

This is an appeal of a federal court order approving and distributing the settlement of a diversity action brought by plaintiff-appellee Phoenix, a Nevada corporation doing business in California, against defendants including Advanced Medical Diagnostic Corp. ("AMDC") and its parent Fonar Corp. ("Fonar"), which are both New York corporations. In that action, brought to set aside a fraudulent conveyance, Phoenix sought to collect a California judgment against AMDC for $1,121,652.60 (the "California judgment"). Earlier, the California judgment had been assigned to Phoenix by Dr. Phillip B. Kivitz ("Dr.Kivitz"). Dr. Kivitz is the President, Secretary, Treasurer and sole director of Phoenix. In a collection action in the U.S. District Court for the Eastern District of New York., Phoenix alleged that AMDC's parent corporation, Fonar, had fraudulently conveyed AMDC's assets to itself in order to avoid paying the judgment. This claim was settled for $1,225,000, which the district court ordered distributed to a number of interested parties.

The movant-appellee Irene S. Kivitz ("Mrs.Kivitz"), who has an interest in the California judgment, appeals, arguing that California state orders required that the distribution of the settlement occur in California state court. Because we are largely in agreement with the conclusions of the district court, we will affirm the bulk of its distribution order.

The California judgment was the result of a breach of contract suit brought by Dr. Kivitz in 1987 against AMDC and Fonar. Dr. Kivitz's counsel in that case worked on a contingency basis and had a retainer granting an express lien on the proceeds of the case. The California action was an asset of the marital estate of Dr. Kivitiz and his former wife, Mrs. Kivitz, who were divorced in 1991. The California action is subject to several California court orders. The first order, dated January 5, 1993, required Dr. Kivitz's attorney to take receipt of any proceeds from the California action until further order of the California Superior Court. It provides in relevant part:

> Dr. Kivitz's attorney ... [in the California action] is required to take receipt of proceeds or consideration received in a settlement or other agreement or as the result of trial or arbitration and retain said proceeds or consideration in his trust account as trustee and not release, loan, or otherwise transfer to Dr. Kivitz as an individual ... any interest in said proceeds or consideration, until further order of court.

The order also acknowledged that Dr. Kivitz's attorneys had a lien on these proceeds for attorneys fees. The second order, dated February 5, 1998, provided:

> [t]he net proceeds from [the California action] in the approximate amount of $880,000, are to be divided equally between the parties [Dr. and Mrs. Kivitz] and to be allocated ... one half to each party as of March 1, 1990. 'Net' is defined as the money available after attorneys fees have been paid.

Finally, Dr. Kivitz's sisters, Bernice Pollock and Rose Ann Abrams, also obtained a judgment against Dr. and Mrs. Kivitz. As provided in a November 28, 1995 order of the California Superior Court, certain portions of that judgment were entered only against the Kivitzes' undistributed community property, rather than against Dr. or Mrs. Kivitz individually.

Because of the interest of Mrs. Kivitz and others in the settlement proceeds, before distributing the settlement proceeds, the district court issued an order to show cause on December 26, 2000, asking the interested parties for any objections. Mrs. Kivitz appeared and objected, arguing that pursuant to prior orders of the California courts, the distribution of the California judgment could only occur by order of a California state court rather than a New York federal court. At the same time, on January 9, 2001, Mrs. Kivitz sought an order in California state court requiring the transfer of the settlement fund to California. On January 16, 2001, the California state court, in an *ex parte* order, granted Mrs. Kivitz the relief she sought.

The district court rejected Mrs. Kivitz's argument that the settlement fund should be distributed by the California state court. First, it noted that Mrs. Kivitz was a non-party without the standing to seek a change of venue. Second, it refused to give full faith and credit to the January 16, 2001 California Order. In doing so, the district court reasoned that the January 16, 2001 Order was an attempt to control a litigation by parties not subject to the jurisdiction of the California court. It also noted that the Order was entered without giving all the interested parties the opportunity to be heard.

We are substantially in agreement with these conclusions, and further note that the New York federal claim, made in an action to set aside a fraudulent conveyance, is separate and distinct from the claim for money damages made in the action giving rise to the California judgment. Nonetheless, we must remand for further consideration of one discrete issue regarding the district court's analysis of the claims by Dr. Kivitz's sisters, Pollock and Abrams. The district court directed that the sisters' judgment was to be satisfied entirely out of Mrs. Kivitz's settlement share. *See Phoenix Gen. & Health Servs., Inc. v. Advanced Med. Diagnostic Corp.,* 162 F.Supp.2d 146 (E.D.N.Y. 2001). The judgment entered in California in favor of Pollock and Abrams, however, was entered in part "against [Mrs. Kivitz's] interest in undistributed community property ONLY, and not against [Mrs. Kivitz's] separate property." *Pollock v. Kivitz,* No. 940540, slip op. at 7–8 (Cal.Super.Ct. Nov. 28, 1995). That judgment is entitled to full faith and credit. As the California court observed in directing the entry of that judgment, satisfaction of debts against the Kivitzes' community property is governed by a 1992 Judgment issued as part of their divorce proceedings. *See id.,* slip op. at 9. Therefore, the sisters' judgment is not necessarily to be satisfied in its entirety from Mrs. Kivitz's separate property. On remand, the district court should determine the proper allocation of the sisters' claims.

We affirm the district court in all other respects.